Good morning. May it please the court, Christopher Stender, pro bono counsel on behalf of the petitioner Rafael Carrasco-Ibarra, and I'd like to reserve two minutes of my time for rebuttal. Petitioner is not a smuggler of aliens as defined in the Immigration Act. That has always been defined as doing that act, bringing people from outside the country into the country for a fee. The petitioner only helped his immediate family and his children on two occasions to cross in the United States, the last time being some 22 years ago. Turning to the definition of the registry statute under 8 U.S.C. 1259, there's a limitation of classes of aliens that are eligible. In other words, it defines the classes of aliens that are ineligible for registry, citing 211-82a. That, then, is further limited by the term insofar, meaning to the extent of, and it lists a number of aliens that are ineligible and ends up lasting with smuggler of aliens. The government argues, and the BIA looked to 1182a.6e for the definition of smuggler of aliens. Petitioner would argue that 1182a.2h would be a much better definition of what a smuggler of aliens has always been under the Act, that it's something done by a professional or done for a fee or things to that extent. Ginsburg-Cousin, doesn't the registry statute cross-reference to the current definition of alien smuggler, not the one in 1958? Right. But you can look to the --"there is no definition given after insofar. It just lists a category of aliens. And it doesn't say alien smuggling. It says smugglers of aliens. It's different wording. Words have meanings, and the Congress chose not to change that and didn't specifically cite to 1182a.6e. It just says in general 1182a, which includes arguably a smuggler of aliens, but also a.2h, which is the trafficker section. And under that analysis, he is not a significant trafficker in persons. He's not a, quote, smuggler of aliens, as that term is being used in the registry statute, and therefore he is eligible for registry. And I'm trying to follow your argument. I have to say I'm very sympathetic to the argument, but this is a difficult case for me because while I'm sympathetic, I'm having trouble getting where you want us to get. So your argument is if the cross-reference in Section 249 were to alien smugglers instead of smugglers of aliens, we would get a different answer? Right. I think that the government would have a good argument. Then you would look at 1182a.6e, which defines alien smuggling. But the statute reads, or under Section 212a, insofar as it relates to criminals, blah, blah, blah, dot, dot, dot, or smugglers of aliens, and 212a in its current incarnation refers to the current definition of alien smuggler. Isn't that right? Under a.6. Yeah, but within 212a. Right. And under 212a.2.h, it also talks about significant traffickers in person, which also easily meets the same definition. It doesn't say, again, alien smuggling. It says smugglers of aliens. It's a different wording. It must have some sort of meaning. So 212a.2.h. 212a.2.h. Let me see if I can get my hands on that one, then. That's really what has historically been defined as alien smuggling. Somebody trafficking for gain, trafficking for immoral purposes. And that's also captured in the statute under 1182a.2.h, which seems to be what the registry statute was looking at when it was never amended. And there's some arguments on both sides, whether it was amended or what you should look to. But in any case, I think arguably he's not a smuggler of aliens. And if the Court does not agree with that position, that's fine, because if the Court does find that the Petitioner is a smuggler of aliens, then there's a waiver available. If the Court will look to 1182a.6.e. You know, if you can go back to the a.2.h. I don't have it here in front of me. Could you just read to me the wording of a.2.h? Yes. Significant traffickers in persons. One, in general, any alien who commits or conspires to commit human trafficking offenses in the United States, inside or outside, and it goes on, or the Attorney General knows or has reason to believe is or has been a knowing aid or a better sister conspirator or colluder with such a trafficker in severe forms of trafficking in persons, as defined in Section 7102 of Title 22, is it inadmissible? And there's a definition of severe forms of trafficking under 22 U.S.C. 7102. But that language doesn't use smuggler of aliens. And you're saying the smuggler of aliens matches that? Smuggler of aliens is trafficking. I think it's the same thing. Okay. Now I get the argument. Okay. I'm afraid it doesn't work very well for me, but I get it. Okay. Thank you. Okay. And if the Court was not to find that to be true, and assuming that the Court does find the Petitioner is a, quote, smuggler of aliens under 1182a6e, then there is a waiver available, and that waiver is under 1182d11. The Board mentions in their decision that there is no waiver available under the  Of course, it's not a — it's technically correct, it's not in the registry statute, but it's there in the statute under 1182d11, which is a waiver available for people accused of alien smuggling. There seems to be four groups of aliens that are eligible for a waiver, and it's divided into two classes. The first class are returning lawful permanent residents, which does not apply to this particular Petitioner. The second class is divided into three subsections. The first is alien-seeking admission. You meet a relative beneficiary-seeking adjustment and preference-class beneficiary-seeking adjustment of status. If you look at the statute, each one of those subcategories is in the disjunctive or. Petitioner is under the first subsection. He's an alien-seeking admission, an alien-seeking admission under registry. And as an alien-seeking admission under registry, he can apply for the waiver. And the Petitioner, again, only smuggled. It's never been argued that he smuggled anybody else other than his spouse and his children in the United States, again, on two occasions. So since he's seeking admission via registry and he is eligible for a waiver, the alien-smuggling waiver under 1182d11, the case should be remanded so he can apply for that waiver. The government did argue that that waiver argument wasn't raised in the brief to the Board. The Petitioner was pro se before the immigration judge and in front of the Board of Immigration Appeals. So I'd ask the Court to take that into consideration. But it is raised and cited in his brief, although it's not fully developed. Ginsburg-Mills, this is a – I find it a very difficult and a very sad case. Is there any chance that his citizen son could apply in his behalf? Yes. The citizen son can be a Petitioner, but the Petitioner is ineligible, has a 10-year bar because he's been resident in the United States. He probably has at least two different 10-year bars and they're not waivable. To get a waiver, he would need a spouse or parent who's a U.S. citizen, a lawful permanent resident, which he doesn't have. So the son could petition, but he would never get his green card at the consulate until he was 10 years outside the country, which, you know, he's 71 years old. That's really not much of a viable solution for him. Let me ask about the 10-year bars. This is irrespective of the – he got voluntary departure. Did he preserve his voluntary departure? I don't believe he did. Oh, well, then he's got the 10-year bar. Right. He would have a 10-year bar for different reasons also. I mean, they may argue based on the subsequent crossing to the border, and he did accrue more than one year here. And the 10-year bar for being here one year is waivable, but again, he has to have a qualifying relative, which he does not have. The son is not a qualifying relative for the waiver to immigrate through the consulate. Why don't we hear from the government, and then we'll give you a chance to respond. Sure. Thank you. Good morning. May it please the Court. Ethan Davis for the Attorney General. The board and the immigration judge correctly denied the application for registry for two equally sufficient reasons. First, Mr. Carrasco is inadmissible as a smuggler of aliens. And second, Mr. Carrasco did not continuously reside in the United States since 1972. I'd like to take those issues in that order. Before you do that, why is the government going after this guy? Your Honor. I mean, there are a lot of bad guys in this world. He does not appear to be one of them. Your Honor, we don't take any of this lightly. The petitioner was convicted or was charged with extreme DUI in 2013. That's how he came to the government's attention. It's not like he has no criminal record. I'd also point out this. You're saying it's not as though he has no criminal record. Is there a criminal record besides the DUI? Not that we're aware of, Your Honor. So a DUI. And now, what's the difference between a DUI and an extreme DUI? I'm not entirely sure, Your Honor. It's under Arizona law. The testimony was that he had five or six beers before he got into the car. I'd also point out that his wife and four of his six children, according to the record, are in Mexico. The petitioner speaks Spanish, and I don't think this is the kind of extremely irrational decision that you might have in mind. Well, I don't know whether it's irrational or not. I mean, I have no control over whether or not, as a matter of prosecutorial discretion, the government is irrational or not irrational, or irrational or not. I understand. I would just like to add that. Did you say his entire family is still in Mexico? According to the record, four of his six children and his wife currently live in Mexico. But there is a citizen's son in this country, and where is his sixth? I believe the other two children are here in the United States. One is a citizen, and I'm not sure about the status of the other one, but he does have a U.S. citizen's son here in the United States. All right. Proceed. I'd like to address the petitioner's argument that the Court should look to the I have several responses to that. You know, first, when Congress added the smuggler's language in 1958, it explicitly chose to use a general cross-reference to Section 1182. In 1958, Congress knew that Section 1182 could be and likely would be updated over the years, and if Congress had wanted to tie the registry statute to the 1958 version of Section 1182, it could have said so. Even if, you know, my second response is that the plain language of the 1990 Act resolves the question. The 1990 statute explicitly states that the changes would apply, quote, to individuals entering the United States on or after June 1st, 1991. The petitioner last entered the United States in 1994. And finally, statutory interpretation is not archaeology. The U.S. code is full of cross-references, and people should be able to know what the law means by reading the statutes on the books. They shouldn't have to excavate the code by identifying the date every law was enacted and the status of all of the cross-references on that date. I'd like to respond also to the petitioner's argument about A2H, which I don't believe was an argument that was made in the other side's brief, but I took a look at that provision. It talks about trafficking. It doesn't talk about smugglers. And so the registry statute refers to smugglers, not trafficking, so I think it's most naturally read to refer to A6E and not A2H. Even if... Excuse me, counsel. Could you address counsel's last argument on the waiver, that he is one seeking admission? Yes, Your Honor. We don't believe that the petitioner is eligible for the waiver at section D11. D11 creates two different categories of aliens who are eligible for the waiver. The first are aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily. I can read it. I'm asking about the second one, seeking admission. The petitioner is not an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 1153A. The petitioner is simply seeking admission here. He's not... And this court... You're not quoting the whole sentence is what you're saying? I'm sorry, Your Honor? He's not quoting by seeking admission. He's admitted under a family-sponsored visa. That modifies admission? I think that the statute creates two categories, Your Honor. I think if I understand the petitioner's argument, he's arguing that it creates more than two categories of aliens who are eligible. No, counsel. I'm reading it. Seeking admission or adjustment of status under a family-sponsored visa. Okay. Is he seeking admission? You said yes, generally. But you apparently are saying under a family-sponsored visa modifies admission. Is that your reading? Yes, yes, Your Honor. That's correct. And he's not seeking admission under a family-sponsored visa. And I would say even if the court has doubts at all about these readings or about the waiver argument, there's an equally independent basis to deny the application here, and that's the continuous residence requirement. All right. With respect to continuous residence, you cite Manzo Fontes versus INS. Isn't this completely different? Mr. Carrasco-Ibarra never paid taxes in Mexico. He did not stay more than seven months, according to his credible testimony. Why is that case applicable here? Your Honor, it's not factually identical to the circumstances here, but the considerations that the court related there apply equally here, that there, like here, the petitioner lived in Mexico for an extended period of time. There, it was 13 months. Here, it was seven months. It's true, like Your Honor says, that there, the petitioner paid taxes in Mexico. And here, there's no evidence in the record that the petitioner paid taxes in Mexico. He just worked on his family farm. That's correct. He was paid by his father on his family farm. I would point out that in Manzo Fontes, Your Honor, there was evidence that the petitioner had actually left items, personal items, in the United States. So in that sense, Manzo Fontes had a stronger claim than the petitioner here. Here, there's no evidence in the record that he took any – that he left anything in the United States. Well, he apparently didn't have anything to leave. He took his clothes. That's all he had. Your Honor, he could have testified, perhaps, that he had a place where he was living in the United States that he would go back to. He didn't do that. He just worked the farms. He followed the fruit. He followed the vegetables. He probably carried everything he owned in a gunny sack. Your Honor, I think that the key point is that under the statute, there is one residence and there's one place of abode. There's not two. And in this case, there is no – I've got to choose one or the other. If that's the question, he's clearly in the United States. If the question is uninterrupted stay, that's a different one. But if you let me say, you've got one abode or the other, that's easy. That's an easier question than the law actually gives me. Well, Your Honor, the statute defines residence as the place of general abode. The place of general abode of a person means his principal actual dwelling place, in fact. During the five times that he left the United States, he – his principal actual dwelling place, in fact, was in Mexico, not here. And the statute says without regard to intent. The only testimony in the record about his connection to the United States during those periods is that he intended to return. But the statute explicitly makes intent irrelevant. There was nothing during those periods that shows that he continuously resided in the United States. Unless the panel has further questions, we'll rest on our briefs. Thank you. Mr. Stender? I don't have anything further unless the court had any other questions. I don't have anything else to add. Okay. Thank you. Thank you very much. Thank you for your service. Thank you. And I gather, Mr. Stender, you're doing this at pro bono counsel? Yes, I am, Your Honor. Okay. Thank you. The court thanks you. We very much appreciate all pro bono counsel.      I'm a lawyer. I'm a lawyer. I'm a lawyer. I'm a lawyer. I'm a lawyer. I'm a lawyer. I'm a lawyer. Thank you for leaving. The court thanks you. The same thing to you, but you're getting paid. Okay. Thank you. Gerasiko, Barro vs. Sessions, submitted for admission. The next case this morning, United States vs. Mackey.
judges: D.W. Nelson, W. Fletcher, Fisher